**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**BRANDON GROSSINGER,**
Plaintiff,

Civil Action No. **26-4700**

**JURY TRIAL DEMANDED**

v.

**GODADDY.COM, LLC,**
Defendant.

## COMPLAINT

### AND REQUEST FOR PRESERVATION OF EVIDENCE, REASONABLE ADA ACCOMMODATIONS, AND APPROPRIATE RELIEF

### PRELIMINARY STATEMENT REGARDING PRO SE STATUS AND DISABILITY ACCOMMODATIONS

Plaintiff Brandon Grossinger respectfully submits this Complaint as a self-represented litigant proceeding pro se.

Plaintiff lives with documented neurological disabilities and related physical limitations that affect cognitive processing, executive functioning, stamina, communication during symptom exacerbations, and fine motor use of the hands. Plaintiff relies on assistive technology and written digital tools to access records, communicate, and prepare legal materials.

Plaintiff respectfully requests that the Court liberally construe this pleading consistent with the standards applicable to pro se litigants and consider Plaintiff's disability-related limitations when reviewing formatting, terminology, organization, or procedural imperfections that do not materially prejudice any party.

Plaintiff is not requesting preferential treatment. Plaintiff requests reasonable accommodations and meaningful access to the judicial process, including consideration of disability-related barriers, heat-related health impacts, and technology-access disruptions affecting the preparation and filing of legal documents.

### I. PARTIES

1. Plaintiff Brandon Grossinger is an individual residing at 4298 Tersher Drive, Doylestown, Pennsylvania 18902. Plaintiff may be contacted at (215) 534-2451 and by email at bgrossinger@gmail.com when available.

2. Plaintiff is the Executive Director of Bunny's Flowers, Inc., a Pennsylvania nonprofit organization recognized under section 501(c)(3).

3. Defendant GoDaddy.com, LLC is a domain registrar, hosting provider, website-services provider, and marketing-services provider that conducts business nationwide, including with Pennsylvania customers.

## II. JURISDICTION AND VENUE

4. This Court has federal question jurisdiction under 28 U.S.C. Section 1331 because this action includes claims and requests for relief arising under federal disability and civil rights laws, including the Americans with Disabilities Act.

5. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. Section 1367 because those claims arise from the same facts, transactions, and occurrences.

6. Venue is proper in the Eastern District of Pennsylvania because Plaintiff resides in this District, the alleged harm was experienced in this District, and the services at issue were used for operations based in this District.

## III. NATURE OF THE ACTION

7. Plaintiff brings this action concerning GoDaddy account access, website hosting, domain administration, website deletion and restoration events, disputed billing, account provisioning, and related digital-access problems affecting Plaintiff and Bunny's Flowers.

8. Plaintiff alleges that GoDaddy represented that Plaintiff's hosting account would not be deleted for a specific period after Plaintiff requested disability-related assistance, but that the Bunny's Flowers website was nevertheless taken down on or around December 25.

9. Plaintiff further alleges that GoDaddy later restored website-related services without adequate notice, after Plaintiff had spent substantial time attempting to rebuild or recover operational continuity.

10. Plaintiff also alleges that GoDaddy promotional, marketing, business, domain, and Google-linked service lanes became inaccessible, difficult to manage, or disputed in billing, including services involving MonumentalMusic.org, MonumentalEnterprises.org, VirtueBot, BunnyBots, and related GoDaddy marketing tools.

11. Plaintiff seeks preservation of all relevant electronically stored information, including account logs, support records, billing records, chat transcripts, internal notes, metadata, provisioning records, domain-management records, and AI-generated marketing configuration data.

## IV. FACTUAL ALLEGATIONS

### A. Disability-Related Notice and December 2025 Hosting Event

12. Plaintiff alleges that he notified GoDaddy of disability-related limitations and requested assistance and accommodation regarding access, communications, and continuity of services.

13. Plaintiff preserved screenshots of communications indicating that he informed GoDaddy that he was ill, medically disabled, and needed text or email communication and assurance that the account would not be deleted.

14. One preserved screenshot indicates a GoDaddy response stating, in substance, that Plaintiff should not worry and that the account would not be deleted because there were still 14 days to renew the hosting plan.

15. Plaintiff alleges that, despite this assurance, the Bunny's Flowers website was taken down on or about December 25, causing disruption to nonprofit operations, public access, and Plaintiff's ability to manage the organization's digital presence.

16. Plaintiff alleges that the website was later restored without adequate notice and after substantial disruption, additional work, confusion, and missing-data concerns within the hosting or cPanel environment.

## B. GoDaddy Legal and Support Communications

17. Plaintiff preserved screenshots reflecting that legal@godaddy.com was identified as an address for GoDaddy legal communications.

18. Plaintiff also preserved a GoDaddy Legal Team response dated March 16, 2026, acknowledging receipt of Plaintiff's email and stating that the email would be directed to the appropriate team.

19. Plaintiff alleges that GoDaddy did not provide clear, complete, and effective resolution of the disputed account-access, billing, deletion, restoration, and ADA-related issues.

## C. Cross-Vendor Notice and Preservation Communications

20. On or about April 1, 2026, Plaintiff sent a cross-vendor notice to GoDaddy and Google regarding account access, property access, provisioning, billing, preservation, disability-related accommodations, and related service-lane issues.

21. Plaintiff's April 1 communication included recipients associated with GoDaddy's Office of the CEO, GoDaddy legal, Google support, Google disability support, and admin@bunnysflowers.org.

22. Plaintiff requested continued communication by email and requested that relevant matters remain open while recovery and preservation efforts were ongoing.

## D. Promotional, Business, Marketing, and AI Configuration Issues

23. Plaintiff attempted to use GoDaddy promotional, business, and marketing tools to create revenue-generating and accessibility-related business projects supporting Plaintiff's living expenses, nonprofit operations, and related business efforts.

24. Plaintiff alleges that the services included or affected MonumentalMusic.org, MonumentalEnterprises.org, VirtueBot, BunnyBots, and related marketing or website services.

25. Plaintiff preserved screenshots from marketing.godaddy.com and related GoDaddy AI/AIRO tools showing business goals, business descriptions, accessibility marketing content, and connection prompts for Facebook, Instagram, and Google Business Profile.

26. Plaintiff alleges that the affected GoDaddy services generated accessibility-related business content and marketing plans, including goals such as ADA compliance, awareness of online accessibility issues, and web-accessibility training.

27. Plaintiff alleges that access and continuity problems disrupted those business and nonprofit efforts and caused administrative burden.

**E. Google-Linked Workspace and Domain Access Issues Relevant to GoDaddy Accounts**

28. Plaintiff alleges that certain GoDaddy-created or GoDaddy-related service lanes were connected with Google Workspace or Google-linked administrative access.

29. Plaintiff preserved screenshots showing a Google Workspace password reset email involving a monumentalglass.com account path and another screenshot showing agenticducky@gmail.com denied access to the Google property MonumentalMusic.org.

30. Plaintiff does not ask the Court in this GoDaddy complaint to adjudicate all conduct by non-party Google or Apple. Those facts are included only to explain the technical and operational context in which GoDaddy services were provisioned, billed, accessed, or disrupted.

**F. Disputed Billing and Family-Member Payment Impact**

31. Plaintiff alleges that recurring or disputed GoDaddy-related charges were made or attempted for services that Plaintiff could not adequately access, manage, cancel, or verify due to account-access and provisioning problems.

32. Plaintiff alleges that at least some payments or charges affected a family member who provided payment assistance in good faith for limited expected charges, and that Plaintiff did not knowingly authorize disputed larger or recurring charges that he could not manage or verify.

33. Plaintiff requests preservation of all billing records, invoices, payment authorization records, renewal settings, refund communications, chargeback-related records, and internal account notes related to all disputed GoDaddy services.

**G. Impact on Plaintiff, Bunny's Flowers, and Legal Deadlines**

34. Plaintiff alleges that GoDaddy's conduct and unresolved access problems impaired his ability to retrieve records, communicate with vendors, preserve evidence, and prepare legal materials.

35. Plaintiff alleges that the issues affected Bunny's Flowers nonprofit operations, including public continuity, administrative recordkeeping, digital outreach, donor and volunteer communications, education-related work, and public credibility.

36. Plaintiff alleges that the issues also affected Plaintiff's ability to develop legitimate revenue-generating work needed to support personal living expenses, nonprofit operations, and accessibility-related education projects.

37. Plaintiff alleges that the harm was worsened by Plaintiff's documented disabilities, symptom flares, physical limitations, and reliance on digital systems as assistive technology.

## V. CLAIMS FOR RELIEF

### Count I - Disability Discrimination / Failure to Provide Reasonable Access and Accommodation

38. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

39. Plaintiff alleges that GoDaddy had notice that Plaintiff was disabled and required accessible communication, assistance, and continuity concerning account access and critical digital services.

40. Plaintiff alleges that GoDaddy failed to provide effective assistance or reasonable access to services after disability-related notice, causing loss of access, disruption, and impairment of Plaintiff's ability to use GoDaddy services on equal terms.

### Count II - Breach of Contract / Breach of Implied Covenant of Good Faith and Fair Dealing

41. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

42. Plaintiff alleges that GoDaddy agreed to provide domain, hosting, website, marketing, and related services in exchange for payment.

43. Plaintiff alleges that GoDaddy failed to provide stable access, adequate notice, usable account administration, and effective support consistent with those service obligations.

### Count III - Negligence

44. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

45. Plaintiff alleges that GoDaddy owed Plaintiff a duty to use reasonable care in managing accounts, hosting, domain services, support requests, billing, and communications after being placed on notice of foreseeable harm.

46. Plaintiff alleges that GoDaddy breached that duty by failing to prevent or promptly remedy access, deletion, restoration, billing, and provisioning problems.

### Count IV - Pennsylvania Consumer Protection / Unfair or Deceptive Practices

47. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

48. Plaintiff alleges that GoDaddy charged, renewed, advertised, provisioned, or represented services in a manner that caused Plaintiff to pay for or be exposed to charges for services that were inaccessible, unmanageable, nonfunctional, or not provided as reasonably expected.

49. Plaintiff alleges ascertainable loss including disputed charges, lost time, administrative burden, operational disruption, and loss of access to paid or promised services.

## Count V - Conversion / Interference with Digital Property and Access

50. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

51. Plaintiff alleges that GoDaddy interfered with Plaintiff's ability to access, control, manage, retrieve, or preserve digital property, including website content, hosting records, domain records, account access, and related business materials.

## Count VI - Declaratory and Injunctive Relief / Preservation of Evidence

52. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

53. Plaintiff seeks declaratory and injunctive relief requiring preservation of records and reasonable steps to identify, stabilize, restore, or explain affected accounts, billing, domains, support tickets, and electronically stored information.

## VI. REQUEST FOR EMERGENCY PRESERVATION OF EVIDENCE

54. Plaintiff respectfully requests that Defendant preserve, without deletion, alteration, overwriting, spoliation, or routine destruction, all electronically stored information and records reasonably related to Plaintiff, Bunny's Flowers, MonumentalMusic.org, MonumentalEnterprises.org, VirtueBot, BunnyBots, Agentic Ducky, monumentalglass.com account paths, and any related GoDaddy accounts, products, billing, support, marketing, website, hosting, or domain services.

- Account records and account-state history;
- Domain records, DNS records, hosting records, cPanel records, website backup records, and restoration records;
- Billing records, renewal records, payment authorization records, invoices, receipts, refunds, chargeback records, and cancellation records;
- Customer support chats, transcripts, emails, call notes, internal notes, escalation notes, and Office of the CEO or legal-team communications;
- Authentication logs, login history, failed-login records, administrative access logs, IP/device records, and audit logs;
- AI/AIRO/marketing configuration records, generated business-goal content, generated accessibility-related marketing content, and publishing/connection records;
- Records concerning any deletion, suspension, restoration, provisioning, or failed provisioning of accounts or services;
- Metadata associated with the records above.

## VII. REQUEST FOR RELIEF

55. Plaintiff respectfully requests that the Court grant the following relief:

- Order GoDaddy to preserve all relevant electronically stored information and metadata;
- Order GoDaddy to identify all accounts, products, domains, subscriptions, renewal settings, and billing items associated with Plaintiff, Bunny's Flowers, and the related entities and domains identified in this Complaint;
- Order GoDaddy to restore, stabilize, or provide access to affected accounts and records where available;
- Order GoDaddy to provide a complete accounting of disputed charges, refunds, renewal settings, cancellations, and payment authorizations;
- Award compensatory damages in an amount to be determined;
- Award refunds, restitution, or other monetary relief for disputed charges and inaccessible or nonfunctional services;
- Grant declaratory and injunctive relief;
- Award costs and fees to the extent permitted by law;
- Grant any other relief the Court deems just and proper.

## VIII. EXHIBITS

*Plaintiff attaches the following preliminary exhibits. Plaintiff respectfully reserves the right to supplement the exhibit record as additional records are recovered, downloaded, or made accessible.*

| Exhibit | Description |
| --- | --- |
| Exhibit A | December 17 GoDaddy support communication and alleged 14-day assurance regarding hosting deletion. |
| Exhibit B | GoDaddy legal contact / legal@godaddy.com documentation and GoDaddy Legal Team acknowledgment. |
| Exhibit C | April 1, 2026 cross-vendor notice concerning GoDaddy, Google, account access, billing, preservation, and ADA accommodations. |
| Exhibit D | GoDaddy/marketing.godaddy.com AI/AIRO business-goal and accessibility marketing configuration screenshots. |
| Exhibit E | Google-linked account access context: MonumentalMusic.org property access denial and Workspace password-reset records. |
| Exhibit F | Photo-library selection and chronology screenshots documenting additional GoDaddy AI pages and evidence collection. |
| Exhibit G | Billing records, invoices, receipts, renewal settings, and payment authorization records to be supplemented. |
| Exhibit H | Additional support tickets, emails, logs, screenshots, and preservation materials to be supplemented. |

## IX. JURY DEMAND

56. Plaintiff demands a trial by jury on all issues so triable.

## X. SIGNATURE

Respectfully submitted,

/s/ Brandon Grossinger
Brandon Grossinger
Plaintiff, Pro Se
4298 Tersher Drive
Doylestown, PA 18902
Telephone: (215) 534-2451
Email: bgrossinger@gmail.com (when available)
Date: _____

# EXHIBIT APPENDIX

*Preliminary exhibit images extracted from Plaintiff's working GoDaddy document. Captions summarize what each image appears to show; Plaintiff may revise captions after final evidentiary review.*

### Exhibit A-1

*GoDaddy support exchange dated December 17 showing Plaintiff requested disability-related assistance and assurance, with response stating the account would not be deleted because 14 days remained to renew hosting.*



Grossinger v. GoDaddy.com, LLC - Complaint

**Exhibit E-1**

*Email screenshot dated June 7, 2026 showing a Google Workspace password reset for a monumentalglass.com account path.*



**Exhibit D-1**

*GoDaddy marketing.godaddy.com page showing AI/marketing plan tools, accessibility-themed post preview, and Google Business Profile connection option.*



Grossinger v. GoDaddy.com, LLC - Complaint

**Exhibit D-2**

*GoDaddy AI/AIRO business-goal and business-description configuration for accessibility-related services.*



**Exhibit D-3**

*GoDaddy AI/AIRO business-goal editing page for accessibility-related services.*



**Exhibit D-4**

*GoDaddy social-post preview discussing disability and accessibility, with Google tab and June 1, 2026 date.*



**Exhibit C-1**

*Screenshot of cross-vendor notice text dated April 1, 2026 concerning GoDaddy, Google, account access, provisioning, billing, and preservation.*





to my disability, that GoDaddy make a disability accommodation on my behalf. And she did. And allowed 14 days form the 17th. Now please take the screenshot and these exact words, I'm again making a request formally under the ADA , that GoDaddy has yet again created a accessibility barrier to my digital assets and that I am disabled , and requestion your and GoDaddy not to delete my account as you are creating an accessibility

yping...

Type your message

Download    Drive    Share

Grossinger v. GoDaddy.com, LLC - Complaint

**Exhibit C-2**

*Continuation of cross-vendor notice describing Agentic Ducky / agentduck.com, related domains, records relied upon, and Google-linked service issues.*



legal@godaddy.com is the email for the legal department

You at 1:55, Dec 23:

So are you still threatening to shut off the charity website , break your agency word after I made a formal ADA accommodation request that my charity sore and court would be secure for 14 days after the 17th, you are still threatening deletion? Yes or no?

*yping...*

Type your message



**Exhibit E-2**

*Screenshot showing agenticducky@gmail.com denied access to the Google property MonumentalMusic.org.*



**Exhibit B-1**

*Screenshot identifying legal@godaddy.com as the email for GoDaddy legal department.*



**Exhibit B-2**

*Screenshot of GoDaddy legal/contact exchange asking whether GoDaddy was still threatening deletion after ADA accommodation request and alleged 14-day assurance.*



**Exhibit D-5**

*Combined GoDaddy AI/AIRO marketing screenshots showing business goals, accessibility content, social connections, workspaces, and evidence collection.*

