**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON GROSSINGER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-4700** |
| | : | |
| **GODADDY.COM, LLC,** | : | |
| **Defendant.** | : | |

**MEMORANDUM**

**BEETLESTONE, C. J.** **SEPTEMBER 15 , 2026**

In a prior Memorandum, the Court granted Brandon Grossinger leave to proceed *in forma pauperis* and dismissed with prejudice his claims under the Americans with Disabilities Act ("ADA") against GoDaddy.com, LLC ("GoDaddy"). *Grossinger v. GoDaddy.com, LLC*, No. 26-4700, 2026 WL 2280723 (E.D. Pa. Aug. 7, 2026) ("August Memorandum"). His state law claims for breach of contract and breach of an implied covenant of good faith and fair dealing, negligence, violation of the Pennsylvania Unfair Trade Practices Act and Consumer Protection Law ("UTPCPL"), and conversion/interference with digital property and access were dismissed for lack of subject matter jurisdiction with leave to amend. *Id.* Grossinger has now returned with a First Amended Complaint ("FAC") in which he attempts to reassert state law claims for breach of contract, promissory estoppel, and violation of the UTPCPL, pursuant to the Court's diversity jurisdiction.[1] For the following reasons, the state law claims will be dismissed for lack of jurisdiction.

---

[1] To the extent Grossinger repeats his ADA Title III claim against GoDaddy (*see* FAC ¶¶ 7-11, 15), it is again dismissed with prejudice for the reasons previously explained to Grossinger: he failed to allege facts to show he met the definition of a disabled person under the statute and failed to allege that an event occurred at a physical place of public accommodation where he suffered disability discrimination. August Memorandum, 2026 WL 2280723, at *4 (citing, *inter*

## I. FACTUAL ALLEGATIONS[2]

Grossinger asserts that the "amount in controversy exceeds $75,000," he is a citizen of Pennsylvania, GoDaddy is a Delaware LLC with a principal place of business in Arizona and, "[u]pon information and belief," has no member that is a citizen of Pennsylvania. (FAC ¶¶ 1-2.) Grossinger paid GoDaddy $65.98 per month for web-hosting services for websites and digital work. (*Id.* ¶ 3.) On December 17, 2025, after he "requested additional time to renew," GoDaddy "represented in writing that [his] account would not be deleted and that [he] had through December 31, 2025 to renew. (*Id.* ¶ 4.) He relied on this representation. (*Id.*) On December 23, GoDaddy "reputed that assurance and suspended [his] hosting," and Grossinger discovered on December 25 that his websites and hosting content had been deleted. (*Id.* ¶ 5.) He spent two weeks rebuilding his websites, data, and digital infrastructure from memory and incomplete backups, and allegedly lost work, business opportunities, content, and recovery costs, with the disruption continuing for two months. (*Id.* ¶ 6.)

Grossinger asserts a breach of contract claim because GoDaddy's December 17 "written assurance constituted an enforceable extension or modification of the parties' hosting agreement" that was breached when it suspended the account on December 23 and deleted the hosting content on December 25 before the promised date of December 31. (*Id.* ¶ 12.) He asserts a claim for promissory estoppel because he relied on the promise that the account would

---

*alia*, *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) ("The plain meaning of Title III is that a public accommodation is a place . . . ."). The Court will not recite any allegations about disability discrimination in this Memorandum since they are immaterial to the state law claims Grossinger seeks to assert.

[2] The factual allegations set forth in this Memorandum are taken from the FAC. (ECF No. 13.) The Court adopts the sequential pagination assigned to all pleadings by the CM/ECF docketing system.

not be deleted through December 31. (*Id.* ¶ 13.) Grossinger also raises a UTPCPL claim under 73 Pa. Stat. Ann. and Cons. Stat. § 201-9.2. based on GoDaddy's "materially contradictory representations concerning the extension and deletion deadline and then suspended and deleted the account contrary to its written assurance." (*Id.* ¶ 14.)

## II. STANDARD OF REVIEW

Because Grossinger was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the Complaint as true, draw all reasonable inferences in the Grossinger's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). ).

An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted).

## III. DISCUSSION

Grossinger's allegations of diversity jurisdiction are insufficient to meet his burden. He alleges that he is a citizen of Pennsylvania and GoDaddy is a Delaware LLC with a principal place of business in Arizona and, "upon information and belief," has no member that is a citizen of Pennsylvania. (FAC ¶ 1.) As the Court explained to Grossinger, the citizenship of an LLC like GoDaddy LLC "is determined by the citizenship of its members." August Memorandum, 2026 WL 2280723, at *6 (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)). "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id*. (internal quotations omitted). He was further instructed that, at the pleading stage, a plaintiff need not affirmatively allege the citizenship of an LLC *if he alleges, after a reasonable investigation*, that the members of the LLC are not citizens of his state of citizenship. *Id*. (emphasis added citing *Lincoln Benefit Life Co*., 800 F.3d at 102). Grossinger alleges only that "upon information and belief" GoDaddy has no member that is a citizen of Pennsylvania; he does not allege that he undertook any investigation, let alone a reasonable investigation into the citizenship of GoDaddy's members. Accordingly, his jurisdictional citizenship allegation is conclusory and fails to meet his burden.

The allegation of the amount in controversy is also deficient. The amount in controversy "is determined from the good faith allegations appearing on the face of the complaint." *Elansari v. Tinder, Inc.,* 784 F. App'x 114, 115 (3d Cir. 2019) (*per curiam*) (quoting *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997)); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 395 (3d Cir. 2016) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less

than the jurisdictional amount to justify dismissal." (internal quotations and citation omitted)). "Making a claim in good faith means a plaintiff's estimations of the amounts recoverable must be realistic and objective, not based on fanciful, pie-in-the-sky, or simply wishful amounts." *Hafer v. Farmers Ins. Agency*, No. 22-0808, 2022 WL 17555522, at *2 (E.D. Cal. Dec. 9, 2022) (citation modified).

It appears to a legal certainty that Grossinger's claim is really for less than the jurisdictional amount. He alleges that the amount in controversy exceeds $75,000 but he also asserts that the monthly payment to GoDaddy for the services it provided was $65.98 per month and the disruption continued for two months. (FAC ¶¶ 3, 6.) In Pennsylvania, the measure for contract damages is a party's expectation interest, that is, having the benefit of its bargain by being put in as good a position as it would have been in had the contract not been breached. *Great Am. Ins. Co. v. Norwin Sch. Dist.*, 544 F.3d 229, 252 (3d Cir. 2008) (citing *Ferrer v. Trs. of Univ. of Pa.*, 825 A.2d 591, 609 (Pa. 2002)). The same is true for a claim of promissory estoppel. *See Gutteridge v. J3 Energy Grp., Inc.*, 165 A.3d 908, 920 (Pa. Super. Ct. 2017) (holding that the general rule is that a plaintiff should be awarded the value of the defendant's promises unless equity dictates otherwise (citing *Lobolito, Inc. v. N. Pocono Sch. Dist.*, 755 A.2d 1287, 1292 n.10 (Pa. 2000))).

Grossinger alleges that he spent two weeks to rebuild the content of the website after GoDaddy allegedly breached their agreement by failing to give him the extension of time he anticipated to "renew" his service. He does not allege the value of that time and the Court is additionally concerned about basing its jurisdiction upon his assertion of loss, even when considering his statutory tort claim, given the small monthly amount he paid for the service to begin with and the lack of any factual allegations that support his generalized valuation of his

claim.[3] *See Chouduri v. Wells Fargo Bank, N.A.*, No. 15-3608, 2016 WL 3212454, at *3 (N.D. Cal. Jun. 10, 2016) (concluding that "bare unsupported assertions as to the amount in controversy will not satisfy the jurisdictional requirement"); *see also Mariano v. 61-63 Bond St. F&B*, No. 22-7189, 2023 WL 2329854, at *4 (E.D.N.Y. Mar. 2, 2023) ("Plaintiff's bare and conclusory allegations are insufficient to establish plausibly that the amount in controversy requirement has been met.").

In addition, Grossinger alleged in his original pleading that "GoDaddy represented that [his] hosting account would not be deleted for a specific period after [he] requested disability-related assistance, *but that Bunny's Flowers website* was nevertheless taken down on or around December 25." (Compl. (ECF No. 1) at ¶ 8.) It is difficult to determine how, if at all, Grossinger sustained $75,000 of damages *to himself* if the contracts and services were procured in the name of an organization. He seeks damages for, among other things, "loss of digital assets and proprietary content" that appear to have been owned by Bunny's Flowers. The Court further notes that he has been told that he cannot pursue claims on behalf of the non-profit Bunny's Flowers. *See Grossinger v. Google LLC*, No. 26-2039, 2026 WL 1662759, at *2 n.3 (E.D. Pa. June 9, 2026). This is a jurisdictional problem for both standing and determining the amount in controversy.

## IV. CONCLUSION

For these reasons, the FAC will be dismissed on statutory screening. The renewed federal law claims will be dismissed with prejudice and the state law claims will be dismissed for

[3] A loss of $65.98 per month, if that is Grossinger's measure of damages, would roughly require 1,137 months of damages – 94.7 years – to equal the $75,000 diversity limit. The disruption here lasted two months.

lack of subject matter jurisdiction. Grossinger may assert his claims in state court where the citizenship and the amount in controversy will not be in issue.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C. J.**